UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

CARL H. PLUMB,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,
*et al.,*

    Defendants.

NO.  CV-11-3015-RHW

**ORDER GRANTING
DEFENDANTS' MOTION TO
DISMISS**

       Before the Court is Defendants' Motion to Dismiss (ECF No. 5).  The
motion was heard without oral argument.

       On February 1, 2011, Plaintiff filed his *pro se* Complaint captioned
"Trespass on the Case" (ECF No. 1).  Plaintiff maintains that he is asserting a
common law tort known as "trespass on the case" and is "seeking to recover
damages arising from the alleged tax assessments and wrongful collection practices
without there being a tax issue."  Plaintiff asserts that no verified tax issue exists
because he was not provided with a verified tax assessment.  Plaintiff alleges that
he requested a copy of the verified tax assessment through a Freedom of
Information Act request.  He seeks declaratory judgment, injunctive relief, and
damages.  Specifically, Plaintiff alleges the following wrongful conduct: (1)
imposing tax collection activities upon Plaintiff without a verified tax issue; (2)
placing tax liens and levy(s) on property(s) of Plaintiff without a verified tax
assessment; (3) placing tax liens on the private home of Plaintiff without a verified
tax issue or assessment; (4) sending notice of levy(s) to not less than 12 business

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 1**

1  interests of Plaintiff without there being a tax issue or any verified justification for
2  the wrongful act; and (5) imposing tax collection activities upon Plaintiff without
3  following Congressional mandated tax collection rules and procedures.

4        Defendants move to dismiss the Complaint pursuant to Fed. R. Civ. P.
5  12(b)(1) (lack of subject-matter jurisdiction) and 12(b)(6) (failure to state a claim
6  upon which relief can be granted.

7  **Fed. R. Civ. P. 12(b)(1)**

8        Dismissal is proper under 12(b)(1) if this Court does not have subject matter
9  jurisdiction over the claims asserted in Plaintiff's Complaint.  *Morrison v. Nat'l*
10  *Austl. Bank Ltd.*, __ U.S. __, 130 S.Ct. 2869, 2877 (2010) ("Subject-matter
11  jurisdiction, by contrast, refers to a tribunal's power to hear a case.").  "[W]hen
12  considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not
13  restricted to the face of the pleadings, but may review any evidence, such as
14  affidavits and testimony, to resolve factual disputes concerning the existence of
15  jurisdiction."  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).
16  Plaintiff has the burden of proving jurisdiction in order to survive Defendants'
17  Motion to Dismiss.  *Kingman Reef Atoll Investments, L.L.C. v United States*, 541
18  F.3d 1189, 1197 (9th Cir. 2008)

19        As a preliminary matter, the United States is the proper Defendant in this
20  case because all actions alleged in the Complaint are actions taken by IRS
21  employees in their official capacity. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th
22  Cir. 1985) ( "[A] suit against IRS employees in their official capacity is essentially
23  a suit against the United States.").  Moreover, in his Complaint, Plaintiff does not
24  allege any specific actions or conduct taken by the individually-named Defendants.

25        1.    **Claims for Money Damages**
26        Plaintiff seeks claims for money damages in the amount of $2,500 for
27  trespass without jurisdiction to cover costs; general damages in the amount of
28  $1,000 per occurrence of trespass; and punitive damages.  Defendants argue that

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 2**

1  sovereign immunity bars any claims for money damages.

2      Plaintiff asserts that this is not a tax matter and as such, the exemptions

3  contained in the Federal Tort Claims Act do not apply.  Plaintiff also asserts that

4  the Little Tucker Act, 28 U.S.C. § 1346(a)(2) and the Fair Credit Report Act

5  waives sovereign immunity.

6      The Court disagrees with Plaintiff's characterization that this is not a tax

7  matter.  Plaintiff is objecting to actions taken by the IRS to collect an outstanding

8  tax debt.

9      In an action against the United States, Plaintiff must establish that Congress

10  explicitly waived sovereign immunity.  *Arford v. United States*, 934 F.2d 229, 231

11  (9th Cir. 1991). In other words, the United States must consent to be sued.  *Id.*

12  Sovereign immunity bars Plaintiff's claims seeking damages for alleged improper

13  assessment of taxes.  *Miller v. United States*, 66 F.3d 220, 223 (9th Cir. 1995).

14  Because this case arises from the collection of tax, the Federal Tort Claims Act

15  does not waive sovereign immunity.  *Morris v. United States*, 521 F.2d 872, 874

16  (9th Cir. 1975).

17      In addition, Plaintiff has not alleged or shown that he complied with the

18  administrative prerequisites of the Federal Tort Claims Act.  Under the FTCA,

19          An action shall not be instituted upon a claim against the United
20          States for money damages for injury or loss of property or personal
            injury or death caused by the negligent or wrongful act or omission of
21          any employee of the Government while acting within the scope of his
            office or employment, unless the claimant shall have first presented
22          the claim to the appropriate Federal agency and his claim shall have
            been finally denied by the agency in writing and sent by certified or
23          registered mail. The failure of an agency to make final disposition of a
            claim within six months after it is filed shall, at the option of the
24          claimant any time thereafter, be deemed a final denial of the claim for
            purposes of this section. The provisions of this subsection shall not
25          apply to such claims as may be asserted under the Federal Rules of
            Civil Procedure by third party complaint, cross-claim, or
            counterclaim.
26  28 U.S.C. § 2675(a).

27      Because Plaintiff has not established that he has administratively exhausted

28  his claim, he cannot establish subject matter jurisdiction through the FTCA.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 3**

Likewise, to the extent that Plaintiff is alleging a claim under 26 U.S.C. § 7433 for an unauthorized collection action, he has not alleged that he has filed an administrative claim for damages.

As such, the Court does not have subject matter jurisdiction to hear Plaintiff's claims for monetary damages.

## 2.    Claims for Declaratory Judgment

Plaintiff asks the Court to enter declaratory judgment that: (1) "Defendant(s) acted arbitrarily and capriciously, abused their discretion and have acted not in accordance with law, but under color of law in filing Notice of Levy(s) and Liens and by sending hurtful letters to business interests of Plaintiff; (2) "Defendant(s) acted contrary to constitutional right, power or privilege;" and (3) "Defendant(s) actions were in excess of statutory jurisdiction, authority and short of statutory right."

Because this is a tax matter, the Court lacks jurisdiction over Plaintiff's claims for declaratory relief.  See 26 U.S.C. § 7421 ("Except as provided in sections [not relevant here], no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person...."); 28 U.S.C. § 2201 (no declaratory relief in federal tax matters other than actions properly brought under section 7428).

## 3.    Claims for Injunctive Relief

Plaintiff asks the Court to order "that the Defendant(s) rescind the letters wrongfully mailed out to Plaintiff's business associates" and "that all Notice of Levy(s) and Lien(s) and/or records of the court not of record, are impeached, removed, dismissed, made void for want of jurisdiction in the Court of judicial officers, for collusion between the parties, and/or for fraud in the parties offering the record, in respect to the proceedings."

The Anti-Injunction Act provides that, with certain exceptions, "no suit for the purpose of restraining the assessment or collection of any tax shall be

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 4**

1  maintained in any court by any person, whether or not such person is the person

2  against whom such tax was assessed." 26 U.S.C. § 7421(a).  One exception is the

3  judicial exception.  To be successful, Plaintiff bears the burden of demonstrating

4  that "(1) under no circumstances can the government ultimately prevail on the

5  merits; and (2) the taxpayer will suffer irreparable injury without injunctive relief."

6  *Hughes v. United States*, 953 F.2d 531, 535 (9ᵗʰ Cir. 1992) (citation omitted).

7       The Government submitted Form 4340 as proof that assessments had been

8  made.  Official certificates, such as Form 4340, can constitute proof of the fact that

9  assessments actually were made.  *Id.*

10      Plaintiff has not established that the judicial exception applies because he

11 cannot show that under no circumstances can the government ultimately prevail on

12 the merits.  As discussed below, the IRS has met its obligations to Plaintiff by

13 providing Form 4340.  As such, the Court does not have jurisdiction over

14 Plaintiff's claims for injunctive relief.

15      **4.    No Lawful Assessments Exist**

16      To the extent that Plaintiff is asserting claims that the tax deficiencies are

17 null and void, and no lawful assessments exist, these claims are jurisdictionally

18 barred.  *Hughes*, 953 F.2d at 538.

19 **Fed. R. Civ. P. 12(b)(6)**

20      As set forth above, the Court does not have subject matter jurisdiction to

21 consider Plaintiff's claims.  In the alternative, the Court dismisses Plaintiff's

22 claims because he has failed to state a claim upon which relief can be granted.

23      A Rule 12(b)(6) motion tests the legal sufficiency of a claim.  *Cook v.*

24 *Brewer*, 637 F.3d 1002, 1004 (2011).  A claim may be  dismissed only if "it

25 appears beyond doubt that the plaintiff can prove no set of facts in support of his

26 claim which would entitle him to relief."  *Id.*  "To survive a motion to dismiss, a

27 complaint must contain sufficient factual matter, accepted as true, to state a claim

28 to relief that is plausible on its face."  *Id.* (quoting *Ashcroft v. Iqbal,* 129 S.Ct.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 5**

1937, 1949 (2009)).  "A claim is facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  A court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint" or "that contradict matters properly subject to judicial notice." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

At the heart of Plaintiff's claims is the alleged failure of the I.R.S. to provide Plaintiff with a verified tax assessment.  Plaintiff does not provide any statutory authority imposing a duty on the I.R.S. to provide a "verified tax assessment."  26 U.S.C. § 6203 provides:

> The assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary. Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of the assessment.

Treasury Regulation 301.6203-1 provides: "If the taxpayer requests a copy of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed."  26 C.F.R. § 301.6203-1.

An assessment is essentially a bookkeeping notation made when the Secretary or his delegate establishes an account against the taxpayer on the tax roles. *Laing v. United States*, 423 U.S. 161, 170 n.13 (1976).  An assessment record is sufficient if it provides the taxpayer with the requirement information. *Koff v. United States*, 3 F.3d 1297, 1298 (9th Cir. 1993).  IRS Form 4340, Certificate of Assessments and Payments has been deemed to satisfy the requirements of § 6203 and Treasury Regulation § 301.6203-1, because it identifies the taxpayer, informs him of the character of the liability assessed, the tax periods giving rise to the assessment, and the amount of the assessment. *Id.*

Plaintiff has failed to state a claim for which relief can be granted based on

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 6**

the failure to provide a "valid verified tax assessment."  Form 4340 demonstrates that Plaintiff received the necessary information and that adequate notices were provided to Plaintiff.

Accordingly, **IT IS HEREBY ORDERED:**

1.  Defendants' Motion to Dismiss (ECF No. 5) is **GRANTED**.

2.  The above-captioned case is **dismissed**.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order, forward copies to Plaintiff and counsel, and **close** the file.

**DATED** this 24th day of June, 2011.



  *s/Robert H. Whaley*

ROBERT H. WHALEY
United States District Judge

Q:\aCIVIL\2011\Plumb\dismiss.wpd

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 7**